UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOMINIQUE POSY,

       Plaintiff,      <u>MEMORANDUM AND ORDER</u>

  -against-          CV 13-3671 (LDW)(GRB)


HSBC BANK USA, as Indenture Trustee
for the registered Noteholders of Renaissance Home
Equity Loan Trust 2006-2, and THE STATE OF NEW
YORK, NEW YORK A.G. SCHNEIDERMAN,

       Defendants.
-------------------------------------------------------------------X
WEXLER, District Judge

   Plaintiff Dominique Posy ("Posy") brings this action against defendants HSBC Bank

USA, as Indenture Trustee for the registered Noteholders of Renaissance

Home Equity Loan Trust 2006-2 ("HSBC"), the State of New York, and New York State

Attorney General Eric Schneiderman ("AG Schneiderman"). HSBC moves to dismiss the

amended complaint under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6) for

lack of subject-matter jurisdiction and for failure to state a claim.


## I.  <u>BACKGROUND</u>

   For purposes of this decision, the amended complaint and relevant background can be

summarized as follows. On May 25, 2006, Posy executed a mortgage to Delta Funding

Corporation ("Delta") on property located at 820 Clocks Boulevard, Massapequa, New York (the

"Property"). Amended Complaint ¶ 5. On December 27, 2007, HSBC commenced a mortgage

foreclosure action against Posy in Nassau County Supreme Court (the "Foreclosure Action"). *Id.*

¶ 6.  According to Posy, certain irregularities existed including the fact that HSBC prepared an assignment of mortgage, presumably from Delta to HSBC, "signed by Scott Anderson, a famous robosigner," only after the Foreclosure Action was filed (the "Assignment").  *Id.* ¶¶ 8, 15.  In addition, Posy maintains that the Assignment mentioned two mortgagors, although he was the only person who signed the mortgage.  *Id.* ¶ 9.  In this respect, he alleges that the "original document" was altered to include his wife, Marie L. Posy, who was not involved in the mortgage transaction.  *Id.*  He also alleges that "[s]ervice was never perfected on him" in the Foreclosure Action.  *Id.* ¶ 10.  Nevertheless, HSBC obtained a judgement of foreclosure, took title to the Property, and is evicting him and his family.  *Id.* ¶ 11.

According to documents attached to HSBC's papers, on August 5, 2008, the state court entered a Judgment of Foreclosure and Sale ("Foreclosure Judgment") on the Property.  Seeking to prevent the sale of the Property, Posy filed two bankruptcy cases, both in the Northern District of Georgia.  The first case was commenced on October 28, 2008, the day before the scheduled sale of the Property.  That case was dismissed for, *inter alia*, failure to pay the filing fee.  Posy commenced another case on February 4, 2009, approximately one week before the rescheduled sale of the Property.  That case was dismissed for failure to comply with applicable bankruptcy code provisions.  In addition, the Georgia bankruptcy court declared Posy ineligible to file another bankruptcy for 180 days.  Nevertheless, Posy commenced another bankruptcy case, this one in the Eastern District of New York, on the same day as the foreclosure sale of the Property.  Because that case was Posy's third bankruptcy filing within one year, the automatic stay was not in effect at the time of the foreclosure sale, and the Property was sold and the deed was conveyed to HSBC, as trustee, on November 24, 2009.

On August 24, 2010, Posy moved to vacate the Foreclosure Judgment in Nassau County Supreme Court. That request was denied. Shortly thereafter, Posy moved to stay his eviction and set aside the sale of the Property. That motion was denied. Posy appealed, unsuccessfully, to the Appellate Division, Second Department.

According to Posy, he filed complaints with AG Schneiderman and various governmental agencies. *Id.* ¶ 12. Ultimately a "mortgage settlement was reached between the loan servicers and two federal regulators – the Office of the Comptroller of the Currency and Federal Reserve for a total of 3.6 billion cash payments to compensate borrowers who suffered harm as a result of alleged abuses such as robosigning" (the "Settlement"). *Id.* ¶ 14. Posy claims to be among those entitled to participate in the Settlement because of the post-foreclosure Assignment by famous "robosigner" Scott Anderson, and because HSBC knew that it had no standing in starting the Foreclosure Action, but "used that unjust, wrongful and malicious action to obtain a judgment of foreclosure without following the procedural due process that consequently deprived plaintiff of his property." *Id.* ¶ 15. Posy asserts that defendant State of New York, "by allowing a judgment to be entered against plaintiff without due process of law and by refusing to grant available relief to plaintiff[,] has exposed him to suffer great injustice." *Id.* ¶ 16. He further alleges that AG Schneiderman "has failed to take further action against HSBC . . . for an equitable settlement with plaintiff." *Id.* ¶ 17. In addition, he alleges that HSBC advised that "it could do nothing for plaintiff because of pending litigation," and that "[i]nstead of honoring the [Settlement], [HSBC] is trying to evict plaintiff." *Id.* ¶ 18. Posy claims that his "right to due process of law has been constantly denied by the courts and other state agencies and that has resulted in plaintiff's deprivation of property. . . . Plaintiff is exposed to homelessness with his family without

adequate remedy at law before the courts of the State of New York." *Id.* ¶¶ 19-20. Posy

demands declaratory, injunctive, and monetary relief. In particular, Posy requests that this Court

"declar[e] invalid and contrary to law the judgment obtained without jurisdiction and on altered

mortgage documents." *Id.* at 5.

On June 28, 2013, Posy commenced this action and sought, by order to show cause, a

temporary restraining order ("TRO") and preliminary injunction preventing his eviction from the

Property. The Court denied the TRO. Posy filed the amended complaint on July 8, 2013. On

July 9, 2013, the Court denied Posy's request to a preliminary injunction.

HSBC now moves to dismiss the amended complaint under FRCP 12(b)(1) for lack of

subject-matter jurisdiction, and under FRCP 12(b)(6) for failure to state a claim. Posy opposes

the motion.


## II. DISCUSSION

On a motion to dismiss under FRCP 12(b)(1), the court should dismiss the action when it

"lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201

F.3d 110, 113 (2d Cir. 2000). The court must accept as true all allegations in the complaint, but

it may refer to evidence outside the pleadings to resolve disputed issues of jurisdiction. *Kamen v.*

*American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *Woodcock v. Montefiore Med.*

*Ctr.*, 48 F. Supp. 2d 231, 233-34 (E.D.N.Y. 1999).

On a motion to dismiss under FRCP 12(b)(6), the court must assume that all allegations

in the complaint are true and draw all reasonable inferences in favor of the nonmoving party.

*Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y 2011). Moreover, the plaintiff is

required to "set forth enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

In the amended complaint, Posy alleges federal question jurisdiction arising under "the first, fifth and fourteenth amendments of the United States Constitution, and Article 1, section 10, clause 1 of the United States Constitution and Title 42 U.S.C. Section 1983."[1] Amended Complaint ¶ 1. HSBC argues, *inter alia*, that there is no basis for federal question jurisdiction on Posy's claims against HSBC and, in any event, that the *Rooker-Feldman* doctrine bars the action against it. Upon consideration, the Court concludes that it lacks subject-matter jurisdiction over the claims against HSBC.

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). "Actions by a private party are deemed state action if 'there is a sufficiently close nexus between the State and the challenged action' that the actions by the private parties 'may be fairly treated as that of the State

---

[1]Posy does not assert diversity jurisdiction in the amended complaint, although he does assert that he is a citizen of New York and that HSBC is "a banking corporation with its main office located in McLean, Virginia." Amended Complaint ¶¶ 2, 3. Nevertheless, Posy does not allege where HSBC is incorporated or where it has its "principal place of business" or whether the amount in controversy exceeds $75,000.

itself.' " *Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir. 1993) (*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).  The amended complaint does not sufficiently allege a nexus or relationship between HSBC and a state actor in conduct alleged to have resulted in a violation of due process or a deprivation under the constitutional provisions cited by Posy.

Moreover, the Court agrees with HSBC's argument that the *Rooker-Feldman* bars the action as against HSBC.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-415 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).  The doctrine applies if four conditions are met:  (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.  *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  All four of these conditions are met here.  Posy lost in the state court.  The complained-of injury (*i.e.*, sale of the Property) was the result of the state court's Foreclosure Judgment.  Posy clearly invites this Court to review and reject the state court's Foreclosure Judgment and subsequent decisions denying post-judgment relief.  As noted, the amended complaint specifically requests that this Court "declar[e] invalid and contrary to law the judgment obtained without jurisdiction and on altered mortgage documents."  Amended Complaint, at 5.  Finally, the state-court Foreclosure Judgment and decisions denying post-judgment relief were rendered long before this action was commenced.  Accordingly, the *Rooker-Feldman* doctrine deprives this court of jurisdiction to hear Posy's claims against HSBC.

Accordingly, the action must be dismissed as against HSBC for lack of subject-matter jurisdiction and failure to state a claim.

### III.  CONCLUSION

For the above reasons, HSBC's motion to dismiss is granted.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       December 30, 2013